IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

MELINDA FOUST, a citizen )
and resident of Blount County, Tennessee, )
)
    Plaintiff, )
)
v. ) No.
)
AETNA LIFE INSURANCE COMPANY, )
and THE ENERGIZER ASR, LLC, )
)
    Defendants. )

## COMPLAINT

Comes now the Plaintiff, Melinda Foust, by and through counsel, and for cause of action would state as follows:

### JURISDICTION

1. The Plaintiff, Melinda Foust, is a citizen and resident of Blount County, Tennessee.

2. Plaintiff alleges upon information and belief that Defendant Aetna Life Insurance Company (hereinafter "Defendant Aetna") is a Connecticut corporation which may be served at C T Corporation System, One Corporate Center, Floor 11, Hartford, CT, 06103-3220. At all material times Defendant Aetna acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

3. The Defendant, The Energizer AST, LLC (hereinafter "Defendant Energizer") is a Delaware Limited Liability Company, and may be served with process through its registered

agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street Wilmington, Delaware 19801. At all material times Defendant Energizer acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

4. The Plaintiff brings this action to recover benefits due for her Long Term Disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA), and particularly 29 U.S.C. § 1132(a)(1)(B).

5. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

6. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

7. The Plaintiff at all times relevant to this action was a "participant" in the Policy as defined by 29 U.S.C. § 1002(7)

8. The Defendant Policy is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1).

9. The Defendant Aetna is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

10. The Defendant Energizer is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

## FACTS

11. At all times material, Plaintiff worked for Defendant Energizer. Prior to working for Energizer, Plaintiff worked for Energizer's predecessor in interest, American Safety Razor. Plaintiff was thus employed for a period of approximately 17 years.

12. Plaintiff developed certain physical conditions, including fibromyalgia, sleep disorders, chronic fatigue, and anxiety, that made it difficult for her to work, and ultimately Plaintiff's conditions resulted in a permanent and total long term disability in which Plaintiff cannot do any work for which she is or can become qualified by reason of her education, experience or training and is not expected to be able to continue such work for the duration of her life.

13. In or about January 2012, Plaintiff ceased working due to a long term disability and submitted a claim to Defendant Aetna for long term disability benefits.

14. Plaintiff was awarded short term disability benefits through July 10, 2012.

15. In or about September 2012, Plaintiff received a letter from Defendant Aetna indicating that her claim for Long Term Disability was denied.

16. Plaintiff timely appealed the denial and cessation of her benefits.

17. By letter dated June 20, 2013, Defendant Aetna sent a letter informing Plaintiff of the appellate review of the adverse prior decision and informed Plaintiff that benefits are not payable.

18. Defendants' decision to deny Plaintiff long term disability benefits under the Policy was arbitrary and capricious.

19. Defendants have failed to provide long term disability benefits due Plaintiff under the Policy.

20. Defendants have failed to discharge their fiduciary duties with respect to the Policy solely in the interest of plan participants as required by 29 U.S.C. § 1104(a)(1).

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A. A declaration that Defendants have breached their fiduciary duties, responsibilities, and obligations imposed upon it under ERISA.

B. A declaration that Plaintiff is disabled within the meaning of the Policy and is entitled to long term disability benefits from the Policy.

C. Order Defendants to pay Plaintiff back benefits due under the Policy.

D. Order Defendants to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendants to pay her the amounts they have earned on the money wrongfully withheld from her as other equitable relief.

E. Order Defendants to pay Plaintiff the costs of her suit and reasonable attorney fees.

F. Grant such other and further relief to which Plaintiff is entitled.

Respectfully submitted this 21st day of August, 2013.

John P. Dreiser (BPR #020743)
Tony Farmer (BPR# 1865)
Attorneys for the Plaintiff
1356 Papermill Pointe Way
Knoxville, TN 37909
(865) 584-1211